# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| PETER TRUCKING, LLC, <br> a Michigan Limited Liability Company, | Case No. <br> Hon. |
| Plaintiff, | |
| v. | |
| WESTERN EXPRESS, INC. A <br> Tennessee For-Profit Corporation, <br> XPO LOGISTICS, INC. A Delaware <br> For-Profit Corporation, and <br> MICHAEL SANTORO, an individual | |
| Defendants. | |

_____/

**Hubbard Snitchler & Parzianello PLC**
Mark M. Snitchler (P41117)
Eric A. Parzianello (P42797)
Attorneys for Plaintiff
719 Griswold St., Suite 620
Detroit, MI 48226
313.672.7300
msnitchler@hspplc.com
eparzianello@hspplc.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff PETER TRUCKING, LLC ("Peter Trucking"), through its counsel, alleges upon information and belief, except for his own acts, which are alleged upon personal knowledge, as follows:

## PARTIES

1. Plaintiff Peter Trucking is a limited liability company organized and existing under the laws of the State of Michigan, which maintains its principal offices at 2951 Tanglewood Dr., in Wayne, Michigan.

2. Peter Trucking is a provider of interstate freight hauling and transportation services throughout the United States.

3. Defendant Western Express, Inc. ("Western Express") is a corporation organized and existing under the laws of the State of Tennessee

4. Western Express maintains its principal offices at 7135 Centennial Place in Nashville, Tennessee.

5. Western Express is a provider of interstate freight hauling and transportation services throughout the United States.

6. Defendant XPO Logistics, Inc. ("XPO") is a corporation organized and existing under the laws of the State of Delaware.

7. XPO maintains is principal office in the United States at Five American Lane in Greenwich, Connecticut.

8. XPO is a global logistics company that provides transportation and supply chain solutions.

9. Defendant Michael Santoro ("Santoro") is an individual residing at 214 Proffitt Road, Mooresburg, Tennessee.

10. At all relevant times Santoro was an employee of Western Express.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

12. Plaintiff brings its primary claims against the Defendants under 49 USCS §§ 13501 et seq., otherwise known as "The Motor Carrier Act" ("MCA"). In particular, Defendants have violated section 49 USCS § 14101(a) of the MCA.

13. The relevant portion of 49 USCS § 14101(a) of the MCA requires "…a motor carrier shall provide safe and adequate service, equipment, and facilities."

14. Pursuant to Fed. R. Civ. P. 20(a)(2)(A), Defendants are properly joined in this action as the right of Plaintiff to relief from all named Defendants arises "out of the same transaction, occurrence, or series of transactions or occurrences…"

15. Venue is proper as both Western Express and XPO have systematic and continuous business contacts with this District.

16. XPO maintains locations of business in at least 17 locations in this District, including locations in Wayne County, Michigan. Further, XPO transacts

business in Michigan, is registered to do business in Michigan, has designated an agent for service in Michigan, advertises and markets its products in Michigan, disseminates the representations set forth herein throughout Michigan, and derives substantial income from the sale and performance of services in Michigan, including, without limitation, freight shipments originating in or delivered to locations in Michigan and in this District. Further, the freight Plaintiffs were hauling for XPO originated in this District.

17. Western Express regularly services all contiguous 48 states in the United States and maintains dedicated fleets which operate in the state of Michigan. Further, Western Express transacts business in Michigan, derives substantial income from the sale and performance of services in Michigan, including, without limitation, freight shipments originating in or delivered to locations in Michigan.

18. Michael Santoro, as an employee of Western Express, was a motor carrier pursuant to 49 USCS § 13102(14) subject to the MCA while driving a semi-trailer truck to provide interstate transportation.

**FACTUAL SUMMARY**

19. Peter Trucking's immediate action arises out of a rear-end type motor vehicle collision.

20. The collision occurred on or about July 9, 2016 at approximately 5:46 p.m. on a bridge which was part of Interstate-57 near the border of Illinois and Missouri in Road District Township, Illinois.

21. Peter Trucking was providing interstate transportation for a loaded trailer it had contracted to haul for XPO from Michigan to Texas.

22. The trailer being used to haul the load was provided by XPO (the "XPO Trailer").

23. Peter Trucking's agreement to haul the freight brokered to it by XPO was memorialized in a written contract.

24. Peter Trucking's truck was forced to come to a complete stop on Interstate-57 because it could not exit the interstate in a safe manner due to an "air pressure" problem with the brake system on the XPO Trailer Peter Trucking was hauling.

25. In order to remedy the air pressure problem with the trailer, Peter Trucking's truck had to remain stationary for a period of time while remaining in the southbound right lane of the interstate.

26. The truck driven by Peter Trucking was parked in plain view, and upon information and belief there were no conditions present at the time of the collision adversely impacting visibility (weather, time of day, or otherwise).

27. While the Peter Trucking truck was stationary, a semi-trailer truck owned by Western Express was being driven southbound by Defendant Santoro towards the Peter Trucking truck from the rear.

28. Absent the necessary due care and caution, and despite the obvious hazard presented by the parked Peter Trucking vehicle in plain view, the Western Express truck struck the driver-side rear portion of the trailer being hauled by Peter Trucking.

29. The collision caused the load of steel rolled cables being hauled by Western Express to break free, causing considerable damage to Western Express' tractor as well as Peter Trucking's tractor and the XPO Trailer and freight situated in it.

30. As a result of the collision, the drivers and co-drivers of both trucks involved were transported to the hospital to be treated for injuries.

31. Damages to the tractor owned by Peter Trucking as a result of the collision amounted to $3,497.26.

32. Peter Trucking also was required to pay towing charges amounting to $1,800.00 and a one-day storage charge of $65.00 in connection with the collision.

33. In the immediate wake of the collision, on or about July 11, 2016, Peter Trucking received correspondence from XPO stating XPO had been made aware of the accident and held Peter Trucking individually responsible for the

Case 2:18-cv-11840-GCS-RSW   ECF No. 1   filed 06/08/18   PageID.7   Page 7 of 14


damages to XPO's trailer and the freight it contained, despite the absence of fault on the part of Peter Trucking.

34. Peter Trucking later received correspondence from XPO on August 16, 2016 which indicated a hold had been placed on Plaintiffs' open payables owed to it by XPO as a result of the damage to the trailer and freight.

35. In an action of "self-help", on or about September 9, 2016, XPO sent another correspondence to Peter Trucking stating it would be "deducting $14,862.75 available funds from your open payables and releasing the hold as per the contract your company has with XPO Logistics." XPO its action on a provision which was allegedly part of the agreement between Peter Trucking and XPO. Peter Trucking disputes the manner in which the agreement was applied to its case.

36. Peter Trucking subsequently opened a claim with Western Express on or about October 5, 2016.

37. Along with opening the claim, Peter Trucking forwarded several documents to Western Express, including the Illinois crash report, estimate of the repairs to Peter Trucking's tractor, as well as pictures of the damage.

38. To date, Peter Trucking has not received payment from any of the Defendants to rectify the damages it has suffered.

39. Peter Trucking has been damaged as a result of the conduct of the Defendants.

40. Beyond the immediate issue with XPO, Peter Trucking has been transporting brokered freight of various types through single-load contracts with XPO Logistics since in or around 2015 upon information and belief.

41. Many of these contracts have been fully completed by Peter Trucking without further compensation from XPO.

## COUNT I – NEGLIGENCE
## AGAINST DEFENDANT WESTERN EXPRESS

42. Plaintiff restates and realleges the preceding allegations as if fully set forth herein.

43. Western Express had a duty to comply with the requirements of 49 USCS §§ 13501 et seq., specifically, 49 USCS § 14101(a).

44. The relevant portion of 49 USCS § 14101(a) of the MCA requires "…a motor carrier shall provide safe and adequate service, equipment, and facilities."

45. Western Express, as a motor carrier covered by the MCA, violated its duties under 49 USCS § 14101(a) by employing a driver who conducted himself in an unsafe manner by failing to safely operate a motor vehicle during the course of his employment with Western Express.

46. 49 U.S.C §14704(a)(2) creates a private right of action against a motor carrier when a person sustains damages as a result of, *inter alia,* a motor carrier's Section 14101(a) violation:

§14704. Rights and remedies of persons injured by carriers or brokers.

(2) Damages for violations. A carrier or broker providing transportation or service subject to jurisdiction under chapter 135 [49 USCS §§13501 et seq.] is liable for damages sustained by a person as a result of an act or omission of that carrier or broker in violation of this part [49 USCS §§13101 et seq.].

47. Pursuant to 49 USC § 14704(a)(2) and (e), Plaintiff are entitled to reasonable attorneys' fees incurred due to the harm suffered as a result of unlawful brokerage activities performed by Western Express.

WHEREFORE, for the foregoing reasons, Plaintiff request this court enter judgment against Western Express awarding Plaintiff damages, costs, attorney fees and such other relief as may be permitted by this Court.

## COUNT II – NEGLIGENCE
## AGAINST DEFENDANT MICHAEL SANTORO

48. Plaintiff restates and realleges the preceding allegations as if fully set forth herein.

49. Michael Santoro owed the duty of a reasonable and prudent person to Plaintiff as a fellow driver on the interstate.

50. Defendant Santoro was negligent and breached his duty to Plaintiff in one or more of the following ways that caused Plaintiff's damages:

    a. Failure to use ordinary care under the circumstances then and there existing;

    b. Failure to keep a proper lookout for other vehicles under the circumstances then and there existing;

    c. Failure to keep his vehicle under proper control for the circumstances then and there existing; and,

    d. Failure to avoid a known and visible hazard.

51. As a direct and proximate result of the breach of duty owed to Plaintiff by Defendant Santoro, Plaintiff has been significantly damaged monetarily.

WHEREFORE, for the foregoing reasons, Plaintiff requests this court enter judgment against Michael Santoro awarding Plaintiff damages, costs, attorney fees and such other relief as may be permitted by this Court.

## COUNT III – VICARIOUS LIABILITY
## AGAINST DEFENDANT WESTERN EXPRESS

52. Plaintiff restates and realleges the preceding allegations as if fully set forth herein.

53. At all relevant times, Defendant Santoro was acting as Defendant Western Express' employee and/or actual agent and/or apparent agent, and was acting within the course and scope of his employment and/or agency on behalf of Western Express.

54. Defendant Santoro was negligent and breached his duty to Plaintiff in one or more of the following ways that caused Plaintiff's damages:

a. Failure to use ordinary care under the circumstances then and there existing;

b. Failure to keep a proper lookout for other vehicles under the circumstances then and there existing;

c. Failure to keep his vehicle under proper control for the circumstances then and there existing; and,

d. Failure to avoid a known and visible hazard.

55. Defendant Santoro acted under the control and influence of Western Express for its commercial benefit. On this basis, Western Express is vicariously liable for the damages caused by the negligence of Defendant Santoro as alleged in this Complaint.

56. Further, Western Express had a duty to act reasonably in hiring, training, supervising and retaining of Defendant Santoro.

57. As a direct and proximate result of the breach of duty owed to Plaintiff by Western Express, Plaintiff has been significantly injured monetarily through damage done to Plaintiff's tractor.

58. Western Express' actions are a direct and proximate cause of the damages suffered by Plaintiff.

WHEREFORE, for the foregoing reasons, Plaintiff requests this court enter judgment against Western Express awarding Plaintiff damages, costs, attorney fees and such other relief as may be permitted by this Court.

### COUNT IV – BREACH OF CONTRACT I
### AGAINST XPO LOGISTICS

59. Plaintiff restates and realleges the preceding allegations as if fully set forth herein.

60. At all material times, there was an agreement between Peter Trucking and XPO for Peter Trucking to haul an over the road freight load brokered to Peter Trucking by XPO.

61. Pursuant to the agreement between the parties, upon information and belief, XPO provided its own trailer loaded with the freight to be hauled by XPO.

62. XPO was the first party to breach the agreement between XPO and Plaintiff by failing to provide a safely operable trailer to Peter Trucking.

63. XPO further breached its agreement with Plaintiff when it withheld accounts payable in order to "off-set" the damages which were directly and proximately caused by XPO's failure to provide a safe and operable trailer to Peter Trucking.

64. As a direct and proximate result of XPO's breach, Plaintiff has suffered damages due to the damage to Plaintiff's tractor caused by XPO's defective trailer as well as damages related to XPO's self-help "off-set."

WHEREFORE, for the foregoing reasons, Plaintiff requests that this court enter judgment against XPO Logistics awarding Plaintiff $18,360.01 in damages comprising Defendant's "off-set" and damage to Plaintiff's trailer, as well as costs, attorney fees and such other relief as may be permitted by this Court.

## COUNT V – BREACH OF CONTRACT II
## AGAINST XPO LOGISTICS

65. Plaintiff restates and realleges the preceding allegations as if fully set forth herein.

66. Plaintiff entered into numerous individual agreements with XPO to haul freight loads to various locations around the United States brokered to Plaintiff by XPO.

67. These agreements, upon information and belief, were entered into from a period beginning in 2015 to in or around February 2017.

68. Plaintiff fully satisfied its obligations under these various agreements and sent invoices to Defendant claiming payment owed after satisfactory completion of services in accordance with the agreements.

69. Defendant breached its duties under these agreements by failing to provide payment for the services rendered by Plaintiff in accordance with the agreements.

70. As a direct and proximate result of Defendant's, Plaintiff has suffered significant pecuniary damages.

71. Plaintiff asserts Defendant has failed to remit payment in an amount at or around $28,793.95.

WHEREFORE, for the foregoing reasons, Plaintiff requests this court enter judgment against XPO Logistics awarding Plaintiff damages, costs, attorney fees and such other relief as may be permitted by this Court.

|  |  |
|---|---|
|  | Respectfully Submitted:<br>**HUBBARD SNITCHLER & PARZIANELLO, PLC** |
|  |  |
|  |  /S/ Eric A. Parzianello_____<br>Mark M. Snitchler (P41117)<br>Eric A. Parzianello (P42797)<br>Attorney for Plaintiff<br>719 Griswold St., Suite 620 |
| Dated:  June 8, 2018 | Detroit, MI 48226 |

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

|  |  |
|---|---|
|  | **HUBBARD SNITCHLER & PARZIANELLO, PLC** |
|  |  |
|  |  /S/ Eric A. Parzianello_____ |
|  | Mark M. Snitchler (P41117)<br>Eric A. Parzianello (P42797)<br>Attorney for Plaintiff<br>719 Griswold St., Suite 620<br>Detroit, MI 48226 |
| Dated:  June 8, 2018 |  |